UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

DEBRA VAN HALE,

Plaintiff,

v.

WAL-MART STORES, INC.,

Defendants.

Civil No. 00-2538 DWF/AJB

**ORDER**

The above matter came before the Court on Plaintiff's Motion for leave to amend her complaint and for a determination that this Court lacks jurisdiction. Based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion is **granted in part and denied in part** [Docket No. 8];
2. Plaintiff is granted leave to amend her complaint;
3. Plaintiff's motion to remand this case to the District Court for Dakota County, State of Minnesota is denied.

Dated: 3/9/01

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

In October of 2000, Plaintiff filed a civil action against Defendant in the District Court for Dakota County, State of Minnesota. Pursuant to 28 U.S.C. § 1441, Defendant removed the case to this Court, alleging that this Court has jurisdiction pursuant to 28

FILED MAR - 9 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

U.S.C. § 1332. Plaintiff now requests that the case be remanded. Plaintiff does not dispute that the parties possess diverse citizenship. Instead, Plaintiff contends that the amount in controversy does not exceed $75,000. As a preliminary matter, a motion to remand is a nondispositive matter, which may be addressed by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). Banbury v. Omnitritition International, Inc., 818 F.Supp. 276, 279 (D. Minn. 1993).

The removing party bears the burden of establishing that federal jurisdiction exists. Dyrda v. Wal-Mart Stores, Inc., 41 F.Supp. 943, 948 (D. Minn. 1999) (citation omitted). When the original complaint does not seek a specific amount the removing defendant must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional amount. Id. Here, Plaintiff's original complaint does not seek a specific amount, but instead, seeks in excess of $50,000.

To meet its burden, Defendant points to the allegations in the complaint. The complaint claims that Plaintiff "injured her knee and was otherwise *severely and permanently* injured." Notice of Removal, Ex. A. (emphasis added). The complaint also alleges that Plaintiff "has incurred *and will continue to incur* medical and hospital expenses for the treatment of her injuries and has in the past *and will in the future* suffer physical and mental pain and suffering." Id. (emphasis added). Defendant also submits evidence of verdicts and settlements in other cases, with plaintiffs having similar injuries, where the parties and juries valued the claim over $75,000. The Court concludes that Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.

AJB